May it please the Court, Your Honor. This is Craig Cardone on behalf of Williams-Sonoma, and I would like to reserve five minutes of my time for rebuttal. Sure. So consistent with the Court's order to focus on the propriety of the District Court's order granting discovery of a customer list for purpose of Plaintiff's Counsel's solicitation of those customers to pursue the California claims, I will focus on that issue as opposed to the choice of law issue, though. I would like to address that at some point if the Court is inclined to hear it. I think what's the point of this is a mandamus proceeding. Yes, Your Honor. And so if you'd like me to discuss the Bauman factors, I'm happy to do so. It seems the focus is this is a mandamus proceeding. It's not an appeal. Understood, Your Honor. Understood. And in connection with it being a mandamus proceeding and the applicability of the Bauman factors, it seems that the clear error is the factor that is at issue here. The real party in interest has not contested the other factors, so I will focus on that with respect to the discovery order. With respect to the discovery order, I think it is important to identify what it is not, to really talk about what it is. It is not an order that has authorized this discovery for any purpose for Rule 23, for class discovery. It is not, similarly, a mixed order where it purports to order it partially for that and partially to identify a new class plaintiff. The district court was clear in this, said it is authorizing this discovery for the limited purpose of identifying a new plaintiff. That is distinct from all of the cases that have been cited in the plaintiff's answer to the petition. All of those cases where class discovery was authorized pre-certification in a class action, it tied it to Rule 23 and class discovery issues, whether that be typicality, commonality, or some other issue. The authority we have cited, which is close to, I believe it's 18 or so district court cases in the Sixth Circuit decision in Gowrie v. Countrywide, is pervasive and consistent that the Federal rules do not or are not so expansive as to permit this purpose for discovery. And that really is the crux of this. It's the purpose of the discovery, and we're in a situation here where the district court's order was perfectly clear on that, that it's for this one purpose. With respect to that, the plaintiff or the real party in interest here has said, but the court has a duty to protect the putative class. There are cases that go both ways on that, at what point that duty might or might not attach. But assuming for purposes of argument here that a duty does attach at some point, that duty may only be exercised within the authority granted by the Federal rules. Why doesn't the district court have authority under 23d to do what it did here? The rule 23, and that's an interesting one that goes back to the Oppenheimer case, right? We're talking about the notice provisions. And they're under 23d. And so I'm talking about 23d. Well, Your Honor, rule 23d, to the extent we're talking about discovery, is still bounded by rule 26. So in this situation where we are talking about what is the – and this flows, I think it's helpful to flow from an – it flows from an interrogatory. So it flows from a vehicle authorized by Rule 26. That interrogatory requested William Sonoma's customer list. This was never presented to the court in connection with a motion to compel. It was raised – it was never presented in the 56d request, which the court rejected. It was only presented in the context at oral argument where counsel said at the end of oral argument, we had previously asked for this. We'd like a customer list to pursue new plaintiffs. The court's discussion of this all focused around its ability to authorize this discovery. Under 23d, I would not classify that as – as authorizing any discovery. Discovery is bounded by Rule 26, which is how the court ordered this. The court actually expressly described it as precertification discovery. Now, there is no case that has authorized this that I'm aware of under – under 23d. So to the extent that is a – that is a new issue, I don't think we can do that. Robertson, let me ask you, so why is it clear error, then? It's clear error because the – the authorization for this is bounded by Rule 26, and the decisions that have addressed this have all said it is – and they don't actually – the decisions don't just say Rule 26. The decisions have said it is impermissible for Plaintiffs' Counsel to use the Federal Rules of Civil Procedure to go phishing through the customer list. And that phishing language comes from Douglas v. Talk America. These courts have all used – some of them have used Rule 26 specifically. Others have been much more broad in saying it is impermissible to use the Federal Rules of Civil Procedure. Those rules – Well, 23d says conducting the action. In general, in conducting an action under this rule, the court may issue orders that determine the course of the proceedings. Correct, Your Honor. And the court may. So why doesn't this sort of fall within that general, you know, the district courts have a lot of authority in how they handle class actions. They have a lot of authority in how to handle active class actions. In this situation, there was not an active plaintiff that had any ability to pursue the California claims. And I think that's the difference. That's only because you were successful in persuading the court that – was it Kentucky law applied? Correct, Your Honor. And this plaintiff could only maintain a claim based on Kentucky law. That is correct. Nevertheless – So, as I understood the district court's order, the district court didn't think that this was a frivolous claim or a bad faith claim or no merit to it or anything like that. It's just that you were successful in persuading the court that Kentucky law applied. And as to the plaintiff's claim, it's going to have to be judged on Kentucky law. And as I understand Kentucky law, you can't have a – in a consumer case like this, you can't maintain a class action. You can't get class-wide relief under Kentucky law. And so the – So he – they started out trying to rely on California law with a proposed class of a putative class that had – was harmed under California law. And now they're in this situation where the representative can't represent such a class. Correct, Your Honor. And if the – if the class counsel or purported class counsel, proposed class counsel were to come forward and say, we have a California plaintiff who would like to join this case, then that would be within the court's discretion to decide whether to accept that or not. And based on what we've seen here, it sounds like the district court would do that here. So I don't see why the court, you know, in exercising its own obligations or responsibilities towards the class and counsel's own obligations toward this class, the court couldn't say, okay, we're going to do a little discovery, narrow discovery on this issue. Because the court's discretion, the court's authority is not boundless. The court can't do anything it wants under 23d. In terms of discovery, it's bounded by Rule 26. We – there is a – I think there's a policy issue here as well, which what we really end up with, it's one thing for the plaintiffs to come forward and say, we've got a new person we want to substitute in. It's another thing for the court to actively say, I am going to assist you in finding a new person by permitting this type of discovery into private and confidential information. Now, the – my opponents have said, this isn't that important information. It's contact information. It's not just contact information. It's contact information tied with what the person purchased in a particular period of time. Breyer. So, you know, in – when there's a – when a class has been certified and then it's decertified or the – the district courts oftentimes will order notice to the class members that the class has been decertified. And if you want to bring your own action, you better do it. Why? I mean, why is that fundamentally  I think that's fundamentally – I think the issue of notice under Rule 23 is fundamentally distinct from discovery. So the notice – and that's why all the cases that discuss this talk about pre-certification discovery. The notice is fundamentally different in that it's not a vehicle for someone to say, if I don't say I don't want to hear from you, some lawyer is going to call me and ask me if I want to join a lawsuit. It's simply a notice that's sent out to the individual with no response required from them, and nothing happens to them afterwards. This is fundamentally different because it is an effort to solicit new clients by a private law firm. And that's where I think we crossed the line, and this starts to look like more of an inquisitorial system than an adversarial system. And that's why, again, I come back to the pervasiveness and the consistency of the rulings here. Let me ask you this. So the district court just relied on, as I read its order, just relied on a California court of appeal case. Interestingly, it did. Cash call. Yes. Right? And cash call doesn't say anything at all about the Federal rules of civil procedure. Correct. Correct. So if there is any clear error, why isn't it just clear error that he – that the district court relied on? Well, I think we've mentioned that, that California – that the California authority is not applicable. There is no reference to the Federal – there is no reference to the Federal rules. Even the California authority, under California authority, with First American title and even Pioneer, don't go this direction. So Pioneer said a Pioneer notice is appropriate for complaining customers. This is about non-complaining customers that have a higher level of privacy interest than do complaining customers. So I agree with Your Honor that California authority is – is maybe persuasive and advisory to some degree, but it is not controlling here, notwithstanding the fact that this was removed under CAFA. Clearly, we are operating under the Federal rules. I have about three minutes left, if I could reserve that. Yes. Thank you. Good morning, Your Honors. Katherine Honaker on behalf of Mr. Rushing, the real party at interest in this case, and also attending with me is Ms. Amber Eck and Mr. Richard Baker. I'd like to address the issues that the court raised, and actually in reviewing all the materials for this hearing, I had the same thought about Rule 23d. I think the problem for the briefing, at least, was that the court's order did refer to it as pre-certification discovery, but then didn't refer to any specific rule. So I think that left us to brief that issue under the briefing. Well, he referred to – he relied on cash call. Right. Exactly. He relied on that. And I also believe that if you would like us to brief 23d, I mean, I think the parties would be happy to supplement the briefing on that topic. But I think the court was right in looking at the California court opinions, because the California courts have determined that absent class members or putative class members have an interest in the cases. They have an interest in these cases. And the court's duty is to protect the interest of those putative class members or absent class members, and he has that interest from day one. And so when he has to do all of these balancing tests, he looks at those interests, and then he looks at the case that he knows. He's been with this case for over two years. It's been even longer now. But he's gone through two motions to dismiss that were very detailed, none of which brought up Kentucky law. So we're pursuing the claims under California law the entire time, all of the discoveries under California law. And we're not even looking at needing another plaintiff, because that's not in our sights at this point. Right. So I think the court was correct in looking at California law for that. And then bringing it into the federal procedural aspect, because we have substantive issues, and since this was removed under CAFA, we would look to California law for that. And then bringing in, obviously, the procedural rules under Rule 26 and Rule 23D, and even 83, to issue an order to make it so it can actually execute its duties and make sure that the class is represented. And I think it's also relevant, like under traditional relevancy, because one of the issues in the case is, can we have a class? Can we have a class that is represented by an adequate plaintiff? And if Mr. Rushing is not able to be that plaintiff, then that becomes legitimate, relevant discovery. So, moving on from that, I'll go- So, if you're going to, so, the district court should have looked to federal law for guidance. Well, he did in his motion to reconsider opinion, he actually did discuss that. He said, yes, I looked at California law, here's why. But also, the result would be the same under federal law. And he looked at cases like Hatch. And Hatch talks about the discretion to do this. In that case, they found that the discretion to deny it was appropriate. And they also made a note at the very beginning of that case that you have to look at the facts of that case to figure out why the outcome was what it was. And the outcome was that the court was okay and exercised its discretion fine, just fine, in denying it because that was a, I think, 10-year, 9- or 10-year saga of people in contempt of court and filing cases that they shouldn't have been filing and all sorts of things. The court found that that attorney in the case could not represent his own plaintiff well, let alone a class, and he shouldn't even have filed the case. So it was completely appropriate. So if you have discretion to deny it, and that's the most egregious case possible to deny it, you have to have discretion to grant it. So the court used Hatch as its authority. And again, you reminded the Petitioners that this is a writ of mandamus. And we understand that we could go through this entire case, and then an appeal could come, and this could all be changed. But on a writ of mandamus, the question is not the same as on an appeal. The question is, is there clear error, clear abuse of discretion? Depending on the standard. And we need to look, was there controlling precedent? Petitioners' attorney mentioned that they listed 20-some-odd district court cases and one court opinion from another circuit. That's not controlling precedent. The court, you know, below, he referred to some opinions in the Ninth Circuit and also district court opinions, and reflected that that shows, again, that he has discretion, because courts look at the case itself to figure out if it's appropriate to order this discovery. And in our case, he made numerous findings about that. Well, one, he pointed out specifically in footnote 10 on page 139 that the class members had an interest in this case. It had been actively litigated for two years, including in our one of our later versions of the complaint, we put in all of the testing results from testing these products. So even that is in there. So it's all been established in the complaint. And the also the court also found that the Mr. Rushing had standing under California law, which he repeatedly said over and over, but for the fact that he can't exercise that standing due to policy reasons that dictate choice of law. And he also asserted plausible claims. There was no abuse of process. He no prejudice to Petitioners. Let me ask you, so what case, what appellate opinion best supports what the district court did? So that is a great question. So there isn't a case all on, you know, all four squares. But it's Hatch gives, recognizes discretion. And we have even Oppenheimer. I will say that even helps him, because in that case, we had the court issuing ordering class list discovery. There were two issues, really, but only one that ended up being a real issue. One was, you know, we're going to order the defendant to produce a class list. The second was that they ordered the defendant to pay for that class list. The only real problem there, in the Supreme Court's opinion, was that they were ordering the defendant to pay for it. There was no real qualm with that it was being ordered to be produced. The question only was. And that was a certified class, though, correct? What was that? Excuse me? Certified class. Right. Well, that had just, it was in that process. The request was made in the process of class certification. Right. So that was the, it wasn't being looked at under Rule 26 because they didn't need it for class cert purposes, exactly. But the fact that the class list would be produced to plaintiff's counsel was not a concern. And also the idea of solicitation to plaintiff's counsel, I think that's different. Here we have a protective order, and usually a protective order is enough. You don't even need a pioneer notice. But the protective order means that we cannot take this list and go out and solicit clients for other cases. We can only use it for one purpose, in this case, to substitute the California class rep, potential class rep, in this case. So it's very different than saying we're soliciting clients all over the place and that this is an egregious act. These are individuals where we've alleged that they cannot tell that they've been defrauded because the bed sheet thread counts, you know, you just cannot tell that with your naked eye. You have to go through testing and destroy the product. So most people have no idea that they have been defrauded. And the amount at issue isn't just a couple of dollars. Most of these bedding products are doubled in price. So we're talking about Mr. Rushing and the materials we state that, you know, he paid over $700 once it was all shipped to him. That's a lot to pay for bedding and to not know that your rights are possibly going to be extinguished simply because the defendants decided to, you know, invoke choice of law, you know, after two years of litigating. Anything else? Do you have a question at all with regard to the court's jurisdiction? Because I don't think the court has an issue with jurisdiction after the choice of law finding. But if you'd like me to talk about that, I'd be happy to. No? Okay. All right. Well, then. Oh, and also, just one final point. I'm sorry. Just to remember, again, that the court, this court can uphold the district court's reasoning and his opinion for any reason. It doesn't have to be simply because he listed pre-certification discovery under Rule 26. It could be under Rule 26, under Rule 23d, under Rule 83. Any of those reasons are fine for upholding the court's determination. And so I would ask the court to please not grant the writ of mandamus. Thank you. Okay. Thank you. Do you have some time for reply? Your Honor referenced cash call that the district court relied upon. The district court really relied upon cash call for the substantive issue of weighing the privacy interests. And what was proper to protect the privacy interests in that case? It didn't in any way address what I would say is that distinct procedural issue, which is, is this authorized by the Federal rules? And I think that it's important to think about that distinctly between that weighing of the privacy interest and the actual authority to grant this discovery. The concept that that 23d allows a court to supersede the authorization of 20 of Rule 26, again, I think is, is, does not exist in our jurisprudence. There are limits in Rule 26 as to matters that are relevant to the claims and defenses of the parties. This is not relevant to any claims or defenses of Mr. Rushing because it's seeking identities of California individuals where Mr. Rushing has no California cause of action. So Oppenheimer seems to be your best case. I think it's the, it's the clearest case that there are boundaries to Rule 26. But look, in footnote 20 of the Court's opinion, the Court said, we do not hold that class members' names and addresses can never be obtained under the discovery rules. Correct. There are all sorts of situations where they are, where it's relevant for Rule 23 discovery issues, for commonality, for typicality. There may be instances where this information could be relevant to issues that arise under Rule 23 or where a party has reason to believe that communication with some members of the class could yield information bearing on these or others or other issues. That's correct. And that, and that's exactly the language that the other cases look at when they're talking about discovery authorized for an active Rule 23 class certification issue, which isn't present here. The Court has made this very clear. It's for the limited purpose of replacing a plaintiff. In addition, again, Oppenheimer you were correct. Oppenheimer, they had ruled on certification. So technically, Oppenheimer was a post-certification case. But it is talking about situations where class discovery is appropriate. I'm not saying it's never appropriate. There are all sorts of cases where it has been. There has never been a case where it has been determined appropriate for this purpose. And I don't believe plaintiff has offered any reason or authority to establish that this Court should be the first one to authorize it for that purpose. With respect to Hatch, it doesn't really get anyone there. Hatch said, I have discretion not to grant this discovery. So it was really a weighing, again, of the needs for discovery rather than a question of the authorization to actually grant it. So any time, again, that the Court is acting outside of its authorization, this goes, I guess, to the standard of review, I would say at that point we are talking about a de novo review rather than an abuse of discretion standard because we're really interpreting what the scope of the Federal rules are. And we've cited the Republic of Ecuador case for that proposition. So unless the Court has any further questions, thank you. Roberts. Thank you, counsel. Interesting case. This matter is submitted at this time. And I believe that's our last case for today. So that ends our session. Thank you all very much.
judges: Fernandez, Paez, Choe-Groves